UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>     v.<br><br>BRETT ALAN MILLER,<br><br>          Defendant. | Case No. 3:15-cr-00047-HDM-WGC<br><br>ORDER |

Defendant Brett Alan Miller has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 38). The government has opposed (ECF No. 40), and Miller has replied (ECF No. 41).

In May 2015, Miller was charged with three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10). Pursuant to an agreement, Miller pled guilty to one count of felon in possession. (ECF Nos. 26 & 28). He was sentenced to a term of 77 months, followed by three years of supervised release. (ECF No. 34).

Section 922(g) prohibits the possession of firearms by several categories of persons, including any person who has been convicted in any court of a crime punishable by a term of more than one year in prison. 18 U.S.C. § 922(g)(1). At the time of his conviction, Miller had two prior felonies, including a 2010 federal bank robbery charge that resulted in a 46-month sentence. Miller was in fact on supervised release for the 2010 conviction when he committed the instant offense. *See* Case No. 3:10-cr-00038-HDM.

When Miller was charged and entered his plea in this case, the government was not required to prove that he knew he was a felon. *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). But in 2019, the U.S. Supreme Court concluded that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). On the basis of *Rehaif* and the government's failure to charge or prove his knowledge of status, Miller now moves to vacate his conviction.

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

Miller alleges that the omission of the *Rehaif* element from the indictment and plea colloquy violated his Fifth Amendment rights guaranteeing that a grand jury find probable cause to support all the necessary elements of the crime and his Sixth Amendment rights to notice of the charges and effective assistance of counsel. He also alleges that the defective indictment deprived the court of jurisdiction and that his plea was not knowing and voluntary. The government responds by asserting that Miller has waived his right to bring these claims and that his claims are procedurally defaulted.

2

As part of his plea, Miller "waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 26 at 15). Such "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013); *see also United States v. Espinoza*, 816 Fed. App'x 82, 85 (9th Cir. June 1, 2020) (unpublished disposition) (unconditional plea waiver precludes all Fifth and Sixth Amendment claims except to the extent they contest the court's jurisdiction or the voluntariness of the plea). Thus, except to the extent Miller attacks the jurisdiction of the court, alleges that his plea was not knowing and voluntary, or asserts ineffective assistance of counsel, his claims are waived.[1]

Miller's jurisdictional argument is without merit. The omission of an element from the indictment does not affect the court's jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Ratigan*, 351 F.3d 957, 962-63 (9th Cir. 2003); *see also United States v. Burleson*, 2020 WL 4218317, at *1 (July 23, 2020) (unpublished disposition) (rejecting the defendant's argument that omission of the *Rehaif* element deprived the district court of jurisdiction); *Espinoza*, 2020 WL 2844542, at

---

[1] Miller asserts that his waiver was not valid because the omission of the *Rehaif* element rendered his plea unknowing and involuntary. As more fully discussed *infra*, the court does not find this argument to be persuasive.

3

*1 (same). *Cf. United States v. Singh*, 979 F.3d 697, 730 (9th Cir. 2020) (on direct appeal, reviewing omission of *Rehaif* element from indictment for plain error).

Miller's claim that his plea was not knowing and voluntary is procedurally defaulted. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998).

"[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires the petitioner to establish 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation omitted).

Miller could have challenged the validity of his plea on direct appeal but did not do so. The claim is therefore procedurally defaulted.[2] It is unnecessary to resolve whether

---

[2] Miller argues that his claims are not procedurally defaulted, relying on *English v. United States*, 42 F.3d 473, 479-81 (9th Cir. 1994). *English* concluded that the defendants' claim, which was based on new Supreme Court law, was not defaulted because no procedural rule required the claim to be raised on direct appeal. The court finds Miller's reliance on *English* unavailing. As a subsequent Ninth Circuit panel recognized:

> *English* was in fact careful to limit its holding to the state of the law in 1989, which was relevant because of the

4

Miller can demonstrate cause for the default, because even if he could, he cannot demonstrate prejudice.[3]

Miller committed the instant offense less than two years after his release from a 46-month bank robbery sentence. Miller acknowledged in his plea agreement that he had been previously convicted of a felony. Even more importantly, however, he acknowledged during his plea colloquy both that he had a prior conviction *and* that he was aware at the time of his offense that he was not allowed to possess a firearm. In light of Miller's admissions that he knew he was a convicted felon and that he was prohibited from possessing firearms, as well as his lengthy and recent prior sentence, the court is not persuaded that the inclusion of the *Rehaif* element in these proceedings would have changed Miller's decision to plead guilty or that his plea was involuntary as a result of the omission.

Miller appears to recognize as much and primarily argues instead that the omission is structural error such that he is not required to demonstrate prejudice to obtain relief.

---

procedural posture of that case; as *English* itself noted, by 1994 the law might well have moved beyond the 'rule violation' requirement it recognized. . . . We recognize that *Bousley* (and our *Johnson* case before it) reflect the current state of the law: most claims are procedurally defaulted by both federal and state prisoners in habeas proceedings when not raised on direct appeal, absent a showing of cause and prejudice or actual innocence.

*United States v. Braswell*, 501 F.3d 1147, 1150 n.1 (9th Cir. 2007). However, even if, under *English*, the claims should not be considered procedurally defaulted, the court would deny the motion on the independent basis that it is entirely without merit, for all the reasons discussed herein.

[3] Miller does not argue actual innocence.

"[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal punctuation and citations omitted). Thus, structural error "warrant[s] habeas relief without a showing of specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063–64 (9th Cir. 2011). "But structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error." *Marcus*, 560 U.S. at 263 (internal punctuation and citations omitted). Cases in which the Supreme Court has found structural error include total deprivation of counsel, lack of an impartial trial judge, violation of the right to a public trial and an erroneous reasonable-doubt instruction. *See id.* (discussing cases). In contrast, errors that have been found to be non-structural include where the court instructed on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense, or erroneously instructed the jury on an element. *Id.* at 264 (discussing cases).

The Ninth Circuit has not yet addressed whether omission of the *Rehaif* element from the indictment or the plea colloquy is structural error. But the Third, Fifth, Seventh, Eighth, and Tenth Circuits have concluded it is not. *United States v. Nasir*, -- F.3d. --, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United*

*States v. Watson*, 820 Fed. App'x 397, 400 (6th Cir. 2020) (unpublished disposition). *But see United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020). The court agrees with the well-reasoned opinions of these several circuit courts, as well as the district courts that have addressed the issue, and concludes that a *Rehaif* error does not fall within the limited class of errors the Supreme Court has found to be structural.[4]

Finally, Miller asserts that that the *Rehaif* error deprived him of effective assistance of counsel in violation of the Sixth Amendment. For the reasons already discussed, Miller has not shown a reasonable likelihood of a different outcome had counsel been aware of the *Rehaif* element. *See Strickland v. Washington*, 466 U.S. 668, 696 (1984). Accordingly, to the extent Miller raises a claim of deprivation of effective assistance of counsel, that claim, too, is without merit.

Accordingly, because the claims raised in Miller's § 2255 motion are waived, procedurally defaulted and/or without merit, IT IS THEREFORE ORDERED that the motion to vacate, set aside or correct sentence (ECF No. 38) is hereby DENIED.

---

[4] The Ninth Circuit decisions cited by Miller are not to the contrary. Each of these cases, and the cases on which they rely, held that defects in the indictment are structural error only if timely raised, and they each explicitly recognized that if the objection to the indictment is not raised until direct appeal, it is subject to plain error review. *See, e.g.*, *United States v. Du Bo*, 186 F.3d 1177, 1179 & 1180 n.3 (9th Cir. 1999) ("We hold that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment. . . . Untimely challenges to the sufficiency of an indictment are reviewed under a more liberal standard.").

7

IT IS FURTHER ORDERED that Miller is DENIED a certificate of appealability, as jurists of reason would not find the court's denial of the motion to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 8th day of December, 2020.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE